IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BARRETT, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|  -vs- | ) |
| |  Civil Action No. 04-608 |
| | ) |
| VIACOM, INC., Successor by Merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, | ) ) ) |
| | ) |
|     Defendant. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION**

Plaintiffs Edward Lowe ("Lowe") and Joseph Morris, Jr. ("Morris") claim that Defendant Viacom, Inc. ("Viacom") terminated their employment in violation of the Age Discrimination in Employment Act ("ADEA"). Viacom moves for the entry of summary judgment on both claims, alleging the claims are untimely. See Docket No. 18. The Motion is GRANTED.

Generally, claimants alleging an ADEA violation must file an initial charge with the Equal Employment Opportunity Commission ("EEOC") before pursuing a claim in court. See 29 U.S.C. § 626(d)(2) and 42 U.S.C. § 2000e-5(e). In Pennsylvania, a claimant has 300 days from the date on which the discriminatory conduct occurred to file

with the EEOC. See 42 U.S.C. §2000e-5(e).[1]  Lowe was terminated in January of 1997 and Morris was terminated on December 31, 1995.  It is undisputed that Lowe and Morris did not file charges with the EEOC until October 2, 2003 - well after the expiration of 300 days.  It appears, then, that both claims are untimely.

Neither Lowe nor Morris, who are both acting *pro se*, have responded to the Motion for Summary Judgment.  Because this claim arises in the aftermath of Mueller v. CBS, No. 99-1310 (W.D. Pa.), however, I take a moment to conduct further analysis.  In Mueller, the Court conditionally certified two ADEA subclasses.  Both Lowe and Morris participated in the Mueller litigation as opt-in class members.  After the subclasses were decertified, Lowe and Morris filed individual EEOC charges, as did numerous other individuals.

In one case, Ruehl v. Viacom, No. 4-75 (W.D. Pa.), Viacom similarly sought the entry of summary judgment on plaintiff's claim, alleging that the claim was untimely.  Ruehl opposed the entry of summary judgment, contending that his claim was timely under either the single filing rule or the doctrine of equitable tolling.  Significantly, neither Lowe nor Morris mention these doctrines in their Complaint or cite to the Ruehl decision as authoritative.  Yet, even if they had, I would find application of the doctrines unwarranted in this case.

Under the single filing rule, a claimant must demonstrate that he or she would

---

[1] There is some question as to whether Maryland's law on this matter would govern, as both Lowe and Morris were employed in Maryland.  However, Maryland's law is consistent with Pennsylvania's on this matter.  Maryland, like Pennsylvania, is a deferral jurisdiction and a claimant has 300 days from an alleged discriminatory adverse employment action within which to file a charge of age discrimination.

2

have been able to file a timely charge on the date that the class action representative filed his or her class charge. See In re Consolidated Rail, 1999 WL 33117175 at * 3 (W.D. Pa. March 23, 1999) Ray v. Consolidated Rail Corp., Civ. No. 98-1757, 1999 WL 33117178 at * 4 (W.D. Pa. June 29, 1998).  Mueller and Bellas filed their EEOC charges on December 21, 1998.  The record is uncontradicted that Lowe was notified of his separation of employment twenty-three months before Mueller and Bellas filed their EEOC charges.  Similarly, the record demonstrates that Morris was notified of his separation of employment thirty-five months before Mueller and Bellas filed their EEOC charges.  Consequently, Lowe's and Morris's EEOC charges would have been untimely when Mueller and Bellas filed their EEOC charges, and therefore the piggy-backing doctrine is unavailable.

So is the doctrine of equitable tolling.  "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994), citing, Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990).  Equitable tolling can be applied where the defendant actively misleads the plaintiff regarding the plaintiff's cause of action. Oshiver, 38 F.3d at 1387.  Parties asserting tolling must so allege in their complaint. Compton v. National League of Professional Baseball Clubs, 995 F. Supp. 544, 559 (E.D. Pa.), aff'd, 172 F.3d 40 (3d Cir. 1998).

Here, neither Lowe nor Morris include any allegations of equitable tolling in the Complaint.  This is, itself, fatal.  Further, neither Lowe nor Morris suggest that Viacom actively misled them respecting their causes of action; that they were

prevented, in some extraordinary way, from asserting their rights; or that they timely asserted their rights in the wrong forum. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). Thus, the case is easily distinguishable from Ruehl, where the claimant was able to invoke the equitable tolling doctrine based upon an allegation that Viacom had induced him into believing that he had waived the right to bring an ADEA claim by signing a Separation Agreement which, he also alleged, violated the Older Workers Benefit Protection Act, 29 U.S.C. § 621 et. seq. Here there is simply no record evidence suggesting that either Lowe or Morris signed a separation agreement.

THEREFORE, this **25th** day of August, 2005, because Lowe and Morris failed to timely file charges of discrimination with the EEOC, it is ORDERED that the Motion for Summary Judgment (Docket No. 18) is GRANTED.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge