IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| John Barrett, William Bradsford, | ) |
| George Chambers, James Chisolm, | ) |
| Louis Dannecker, Ronald DeLong, | ) |
| Trenton Doane, Robert Durr, Dana Gabel, | ) |
| Joseph Giacomin, Della Hamill, Ralph Itzo, | ) |
| Charles Kiehl, Leroy Miller, Virginie | ) |
| Ravareau, Leendert Ringlever, Nizam Shaikh, | ) |
| Frank Snyder, John Wagle, III, James West, | ) |
| Melvin Wilkerson, Dorothy Williams, Terry | ) |
| Wood, Ronald Zinski, and Joseph | ) |
| Zolkowski | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 4-608 |
| | ) |
| Viacom, Inc., successor by merger to | ) |
| CBS Corporation, formerly known as | ) |
| Westinghouse Electric Corporation | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge

## OPINION and ORDER OF COURT

Following an initial challenge to the timeliness of their claims asserted under the Age Discrimination in Employment Act ("ADEA"), the Plaintiffs filed a Third Amended Complaint invoking the equitable tolling doctrine.[1] Defendant Viacom, Inc. ("Viacom") now challenges this Third Amended Complaint. See Docket No. [42].

---

[1] Because this Court has issued previous Opinions in this and other related cases, the parties are presumed familiar with the facts and procedural history of this case.

1

Viacom contends that the allegations concerning equitable tolling are deficient and, in the alternative, that the Plaintiffs' claims should be severed from each other because they cannot meet the permissive joinder requirements of Federal Rule of Civil Procedure 20(a). For the reasons set forth below, I reject Viacom's arguments.

## Standard of Review

A Motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is treated under the same standards as is a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Stanton v. The County of Allegheny, Civ. No. 7-56, 2008 WL 678704 at * 1 (W.D. Pa. March 12, 2008). That is, a complaint will be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face. Stanton, 2008 WL 678704 at * 1, citing, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (May 21, 2007). Further, I may consider the allegations in the complaint, attached exhibits, matters of public record and factual allegations within documents described or identified in the complaint. Id. at * 2.

## Analysis

*A. Equitable Tolling*

There are two issues before me: (1) whether the pleading requirements of Federal Rule of Civil Procedure 9(b) apply to Plaintiffs' demand for equitable tolling; and (2), if so, whether Plaintiffs have satisfied those pleading requirements. I find both that the requirements of Rule 9(b) do apply and that Plaintiffs have satisfied the requirements. Accordingly, the Motion for Judgment on the Pleadings is denied

2

on this ground

As to the first issue, case law convinces me that, even where the underlying cause of action is one of age discrimination, not fraud, Rule 9's pleading mandates must be met where the timeliness of Plaintiffs' administrative claim depends upon the application of the equitable tolling doctrine. See Davis v. Grusemeyer, 996 F.2d 617, 624 n. 13 (3d Cir. 1993), abrogated on other grounds, Rolo v. City Inv. Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1988); Byrnes v. DeBolt Transfer, Inc., 741 F.2d 620, 626 (3d Cir. 1984) and McComb v. Morgan Stanley & Co., Inc., Civ. No. 7-1049, 2007 WL 4150786 (W.D. Pa. Nov. 19, 2007).

As to the second issue, I find Viacom's reading of the case law to be too restrictive. The Third Circuit court applies Rule 9(b) in a more flexible manner than the approach suggested by Viacom:

> under Fed. R. Civ. P. 9(b), plaintiffs must plead with particularity the "circumstances" of the alleged fraud. They need not, however, plead the "date, place or time," of the fraud so long as they use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville Indus. Machinery v. Southmost Machinery, 742 F.2d 786, 791 (3d. Cir. 1984).

Rolo v. City Investing Company Liquidating Trust, 155 F.3d 644, 658 (3d. Cir. 1998). Though not the approach advocated by Viacom, the Third Amended Complaint does use an "alternative means of injecting precision and some measure of substantiation" into their allegations of equitable tolling.

Equitable tolling requires proof: (1) of active misleading by the defendant; (2) which caused the plaintiff's failure to timely file; and (3) that plaintiff "could not, by

3

the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007). Here the Plaintiffs "inject precision" into their allegations that Viacom had a systemic policy of age discrimination and that it engaged in a series of deceptive and actively misleading acts regarding the actual reason it discharged the Plaintiffs by identifying various provisions of the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1). Specifically, the Plaintiffs reference a failure to provide "demographic data" to persons involved in a reduction of force as well as the failure to inform those employees, either verbally or in writing, that the demographic data was available at another location or upon request. See Third Amended Complaint, ¶ 32-34. The statutory sections to which the Plaintiffs refer provide the remaining details:

> (H) if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the employer ... informs the individual in writing in a manner calculated to be understood by the average individual eligible to participate as to -
>
> > (I) any class, unit, or group of individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and
> > (ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.

29 U.S.C. § 626(f)(1)(H). Certainly this provides Viacom with enough detail regarding the first element of the equitable tolling doctrine - "active misleading by the

4

defendant."[2]

As to the second and third pleading requirements of the equitable tolling doctrine, the Plaintiffs allege that Viacom's failure to disclose the demographic data caused them to fail to timely file with the EEOC and that "[w]ithout access to the information intentionally and fraudulently withheld by Defendant, including the demographic data mandated by the OWBPA, Plaintiffs could not, by the exercise of reasonable diligence, have discovered essential information bearing on their claims prior to the time they became opt-in participants in the case of Mueller et. al, v. Westinghouse, Civil Action. No. 99-1310." See Third Amended Complaint, ¶ 37. While Viacom urges more factual details are required both with respect to causation and diligence, it is difficult to conceive of what factual details could be provided when the fraud alleged here is one of omission. It is the absence of communication and information which Plaintiffs allege both caused their failure to timely file and prevented the discovery of the fraud by exercise of reasonable diligence prior to the receipt of the notice in the Mueller litigation. The Plaintiffs allege that once they learned of information essential to their claims, via the Mueller action, they opted into the litigation and upon its decertification, they filed their own charges of discrimination with the EEOC. See Third Amended Complaint, ¶¶ 37-39. I find

---

[2] Viacom also challenges the Plaintiffs' failure to provide details concerning who conceived of the plan to violate the OWBPA and when and where the practice was conceived. See Docket No. [43], p. 12. Yet the Plaintiffs can hardly be charged with knowing such details at this juncture. This type of information can be gleaned through discovery and Plaintiffs should not have to include such details in the pleadings.

5

these allegations to satisfy the diligence pleading requirements under the circumstances here.

Again, it must be kept in mind that the underlying case here is one of age discrimination, not one of fraud. Equitable tolling, and thus the requirements of Rule 9, come into play only in the context of whether Plaintiffs timely filed their administrative claims with the EEOC. The allegations in the Third Amended Complaint provide enough particularity to give Viacom notice of the misconduct with which it has been charged.

I similarly reject Viacom's contention that the lack of individual Plaintiff-specific factual allegations is fatal to the Second Amended Complaint.[3] The Third Amended Complaint does set forth each individual's name, job title and date of termination. It contains allegations that all Plaintiffs were subject to a reduction in force and that they were all deprived of OWBPA required data. To require each Plaintiff to repeat these allegations on an individual basis would be to elevate form over substance. Plaintiffs are alleging a company-wide systemic policy of age discrimination and OWBPA violations. Under these circumstances, I find the general

---

[3] Viacom cites as persuasive authority on this point the decision rendered in Rolo v. City Investing Company Liquidation Trust, 155 F.3d 644 (3d Cir. 1998). I find Rolo to be distinguishable on its facts. The Rolo court considered what a particular plaintiff needed to plead in order to link his or her own injuries to an alleged civil RICO enterprise. Rolo, 155 F.3d at 659. The plaintiffs had not included specific allegations as to which fraudulent tactics had been used to induce them to purchase properties and spoke only of "typical" circumstances. Id. Here, in contrast, we have an ADEA claim and fraud is only tangentially involved in the context of the timeliness of the administrative filing. Further, the allegations in the Second Amended Complaint are quite clear as to the fraud each particular Plaintiff contends he / she fell victim to - violations of the OWBPA.

6

allegations sufficient.

*II. Sever*

In the alternative, Viacom urges that each Plaintiff be required to re-file individual suits because the Plaintiffs, as a group, do not satisfy the joinder requirements of Federal Rule of Civil Procedure 20(a). Viacom's Motion is predicated upon this Court's ruling in <u>Mueller v. CBS Inc.</u>, No. 2:99-cv-01310 (Docket No. 296) that the class had to be decertified because the prior class claims involved claimants from different divisions within Westinghouse (now Viacom), from different geographic locations, with different job titles and duties, and with different supervisors. Given these disparities, Viacom reasons, the Plaintiffs here cannot demonstrate that their actions constitute the "same transaction, occurrence, or series of transactions or occurrences."

While Viacom may eventually convince me of this point, the argument is premature at this juncture. The <u>Mueller</u> case and the instant action, while sharing some similarities, are distinct. The <u>Mueller</u> case involved thousands of litigants. The current case a fraction of that number. Further, my conclusion in <u>Mueller</u> regarding the disparate factual circumstances was made following discovery. Here, I am without information regarding the Plaintiffs' geographic locations, divisions or supervisors. I cannot say with certainty that I will reach the same conclusion I reached in <u>Mueller</u>. Accordingly, the Motion to Sever is denied without prejudice to reassert.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Barrett, William Bradsford, George Chambers, James Chisolm, Louis Dannecker, Ronald DeLong, Trenton Doane, Robert Durr, Dana Gabel, Joseph Giacomin, Della Hamill, Ralph Itzo, Charles Kiehl, Leroy Miller, Virginie Ravareau, Leendert Ringlever, Nizam Shaikh, Frank Snyder, John Wagle, III, James West, Melvin Wilkerson, Dorothy Williams, Terry Wood, Ronald Zinski, and Joseph Zolkowski<br>    Plaintiffs,<br><br>    vs.<br><br>Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4-608 |

AMBROSE, Chief District Judge

<u>ORDER OF COURT</u>

AND NOW, this 23rd day of January, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Judgment on the Pleadings Or, In the Alternative, To Sever Plaintiffs (Docket No. [42]), is DENIED.

It is further ORDERED that a Status Conference is scheduled for March 5, 2009 at 9:15 a.m.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
  Donetta W. Ambrose,
  Chief U.S. District Judge