IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Barrett, William Bradford, George Chambers, James Chisolm, Louis Dannecker, Ronald DeLong, Trenton Doane, Robert Durr, Dana Gabel, Joseph Giacomin, Della Hamill, Ralph Itzo, Charles Kiehl, Leroy Miller, Virginie Ravareau, Leendert Ringlever, Nizam Shaikh, Frank Snyder, John Wagle, III, James West, Melvin Wilkerson, Dorothy Williams, Terry Wood, Ronald Zinski, and Joseph Zolkowski<br>    Plaintiffs,<br><br>vs.<br><br>Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4-608 |

AMBROSE, Chief District Judge

Opinion and Order of Court

Defendant Viacom, Inc. ("Viacom") moves for summary judgment with respect to the age discrimination claim asserted by Plaintiff George Chambers. See Defendant's Corrected Motion For Summary Judgment as to the Claims of George Chambers (Docket No. [55]).[1] It has already been established that Chambers did not submit a timely charge to the EEOC within 300 days of his termination. Thus, absent

---

[1] Given the number of Opinions issued in this and related cases, the parties are presumed familiar with the facts and relevant history. Accordingly, I will limit myself to the salient details.

1

application of the equitable tolling doctrine, his claim is untimely and Viacom is entitled to summary judgment.

After careful consideration, and for the reasons set forth below, I agree that Viacom is entitled to the entry of summary judgment.

## Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. <u>International Raw Materials, Ltd. v. Stauffer Chemical Co.</u>, 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. <u>Anderson</u>, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the

evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

Analysis

In Ruehl v. Viacom, 500 F.3d 375, 384 (3d Cir. 2007), the Third Circuit Court reaffirmed the two requirements for equitable tolling in an employment discrimination case:

> the equitable tolling doctrine may excuse the plaintiff's non-compliance with the statutory limitations provision at issue when it appears that (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge, *and* (2) this deception *caused* the plaintiff's non-compliance with the limitations provision.

quoting, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). In Ruehl, the Third Circuit court determined that Ruehl could not demonstrate that Viacom's alleged deception caused his late filing. Ruehl, 500 F.3d at 385. Specifically, the Court determined that:

> Ruehl admitted at his deposition that he first thought he had been subjected to age discrimination in the summer of 1998:"I guess when I was probably the oldest person in the department that was let go, and I was the only one not offered a job with the outsourcer ... [around] Summer of '98 I guess, you know, around the time of my termination ... (App. At 295.) Ruehl also admitted that in 1994 he thought there may have been age discrimination at Viacom, when, in his presence, Viacom's Chief Financial Officer referred to an older employee as a "blocker," and said that Viacom need to "get him out of

3

> here." (App. at 292.) Ruehl perceived this at the time to be the type of "comments [that] were probably made about me the same way when I wasn't in the room." (Id.)

Ruehl, 500 F.3d at 385. The Third Circuit court reasoned that because these facts, which would have supported Ruehls' cause of action, were known to him at the time of his termination, he could not demonstrate that Viacom's failure to disclose data under the Older Workers' Benefit Protection Act ("OWBPA") caused his failure to pursue a claim. Id.

Viacom believes that Chamber's factual scenario is analogous to Ruehl's. That is, Viacom contends that Chambers knew of facts which would have supported his individual cause of action at or around the time of his termination. Consequently, Viacom reasons, he cannot demonstrate how Viacom's failure to disclose data under the OWBPA caused his failure to timely pursue his claim.

I agree. Like Ruehl, Chambers had heard the term "blocker" used at Viacom. Indeed, Chambers testified that he was familiar with the term as early as 1994. He stated that he understood Viacom to use the term to mean "older people would be replaced by younger people for the reason that the older people blocked creative ideas, and you needed to get rid of the older people in order not to block those creative ideas, and put younger people in." See Chambers Dep., p. 37-38. Chambers acknowledged that he believed he fit the category of a "blocker," and that he was ultimately terminated because he was perceived as a blocker. Id., p. 152-53.

He also testified that, following his lay-off, he was brought back in as a "contractor." He then reported to a younger individual who had previously been his

subordinate. Id., p. 39. Though he may not have suspected age discrimination prior to being laid off, Chambers acknowledged that having been brought back in the position of reporting to his younger, former subordinate, "that's sort of like handwriting on the wall." Id., p. 74. When questioned as to when he first suspected himself to be the victim of age discrimination, Chambers answered that it was at this point in time:

> Q: When after that did you first believe you had been discriminated against?
> A: I had some feeling of that when I returned as a contractor and the person that worked for me, young person that worked for me, took the management job and vice versa.

Id., p. 186-87.

I agree with Viacom that Chambers' admissions are comparable to Ruehl's. The fact that he may have been "extremely stressed" when giving answers in his deposition does not negate those answers. See Docket No. 94-2, ¶ 11. Chambers explained in an Affidavit filed years after his deposition was taken that he did not suspect he was the victim of age discrimination until he joined the Mueller v. CBS, Inc., No. 2:99-cv-01310-DWA action. I find such statements to be direct contradictions to the admissions made in his deposition set forth above, as to constitute a "sham affidavit" within the meaning of Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007); O'Bryant v. City of Reading, 197 Fed. Appx. 134, 138 (3d Cir. 2006). "A party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her sworn testimony without demonstrating a plausible explanation for the conflict." Baer v. Chase, 392 F.3d 609,

5

624 (3d Cir. 2004) (citations omitted). Being "stressed" from a deposition is not a "plausible explanation for the conflict."

Consequently, the only evidence before me indicates that Chambers was on notice that, like Ruehl, Viacom had used the discriminatory term "blockers" to refer to older workers; like Ruehl, Chambers believed he could be viewed as a "blocker"; and Chambers was laid off and was replaced by a younger worker who had previously been his subordinate. In light of these undisputed facts, Chambers, like Ruehl, cannot demonstrate that Viacom's actions in failing to disclose the OWBPA data <u>caused</u> his failure to timely file a charge with the EEOC. As such, Viacom is entitled to summary judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Barrett, William Bradford, George Chambers, James Chisolm, Louis Dannecker, Ronald DeLong, Trenton Doane, Robert Durr, Dana Gabel, Joseph Giacomin, Della Hamill, Ralph Itzo, Charles Kiehl, Leroy Miller, Virginie Ravareau, Leendert Ringlever, Nizam Shaikh, Frank Snyder, John Wagle, III, James West, Melvin Wilkerson, Dorothy Williams, Terry Wood, Ronald Zinski, and Joseph Zolkowski<br>    Plaintiffs,<br><br>vs.<br><br>Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation<br><br>    Defendant. | Civil Action No. 4-608 |

AMBROSE, Chief District Judge

## ORDER OF COURT

AND NOW, this 12th day of February, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Corrected Motion for Summary Judgment as to the Claims of George Chambers (Docket No. [55]) is hereby GRANTED.

                              BY THE COURT:

                              /s/<u>Donetta W. Ambrose</u>
                                Donetta W. Ambrose,
                                Chief U.S. District Judge