IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Barrett, William Bradford, George Chambers, James Chisolm, Louis Dannecker, Ronald DeLong, Trenton Doane, Robert Durr, Dana Gabel, Joseph Giacomin, Della Hamill, Ralph Itzo, Charles Kiehl, Leroy Miller, Virginie Ravareau, Leendert Ringlever, Nizam Shaikh, Frank Snyder, John Wagle, III, James West, Melvin Wilkerson, Dorothy Williams, Terry Wood, Ronald Zinski, and Joseph Zolkowski<br>    Plaintiffs,<br><br>vs.<br><br>Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation<br><br>    Defendant. | Civil Action No. 4-608 |

AMBROSE, Chief District Judge

## OPINION AND ORDER OF COURT

Defendant Viacom, Inc. ("Viacom") has filed a Motion for Summary Judgment with respect to the claims asserted by Plaintiff William Bradford. See Docket No. [76]. As has already been established, Bradford's claim is fatally flawed as untimely unless he is able to successfully invoke the equitable tolling doctrine. As the Third Circuit Court explained in Ruehl v. Viacom, 500 F.3d 375, 384 (3d Cir. 2007):

> the equitable tolling doctrine may excuse the plaintiff's non-compliance with the statutory limitations provision at issue when it appears that (1) the defendant actively misled the plaintiff respecting

1

the reason for the plaintiff's discharge; *and* (2) this deception *caused* the plaintiff's non-compliance with the limitations provision.

(emphasis in original)(citations omitted).

Here, Bradford contends that Viacom actively misled him about the reasons for his discharge by not tendering the information required by the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(H). The statute provides that, where an employee signs a waiver of rights, the:

> (1) ... waiver may not be considered knowing and voluntary unless at a minimum –
> (H) if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the employer ... informs the individual in writing in a manner calculated to be understood by the average individual eligible to participate, as to –
> > (i) any class, unit, or group of individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and
> > (ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.

29 U.S.C. § 626(f)(1)(H).

Bradford has proffered evidence indicating that he did, in fact, sign a waiver of rights. See Docket No. [107], Ex. A, ¶ 11 and Exhibit 2.[1] Further, there is no dispute that Viacom failed to provide the information referenced in § 626(f)(1)(H). Viacom argues, however, that Bradford's waiver "was not requested in connection with an

---

[1] To the extent that Viacom sought the entry of summary judgment based upon the absence of evidence indicating that Bradford had signed a waiver, I reject the argument as unpersuasive.

2

exit incentive or other employment termination program offered to a group or class of employees." Rather, Bradford's termination was a "stand-alone termination." As such, Viacom reasons, Bradford was not entitled to the information required by the OWBPA and its failure to tender such information cannot form the basis for equitable tolling. Accordingly, Viacom demands the entry of summary judgment in its favor.

After careful consideration, and for the reasons set forth below, I agree with Viacom.

## Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The

burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## Analysis

There are few relevant, material facts before me. Viacom offers the Affidavit of David Phillips, who was the Vice President / General Manager of the KUTV television station, where Bradford worked as a Chief Engineer. See Docket No. 78-2, ¶ 1-4. Phillip avers that Bradford's termination was a "stand-alone termination" and that "[n]o other station employees were terminated with Mr. Bradford." Id., ¶¶ 8, 10.

Bradford counters with his own Affidavit, much of which is devoted to non-material facts.[2] With respect to the material facts, Bradford avers that:

---

[2] Bradford spends a large portion of both his Affidavit and his Brief in Opposition to disputing Phillips' assertion that the termination stemmed from unsatisfactory job performance. Yet I find Bradford's capabilities as a Chief Engineer and his job performance to be irrelevant to the matter at hand - whether he was terminated in connection with an exit incentive or other employment termination program offered to a group or class of employees.

4

(1) his termination letter stated that he was being terminated "in conjunction with the reorganization of KUTV";

(2) he "became aware that other engineering heads and various operational employees were being terminated around the same timeframe as [his] termination"; and

(3) Bradford was given forty-five days during which to consider signing the waiver and severance agreement - the same period of time the OWBPA requires for group termination programs.

See Bradford Affidavit, Docket No. 107, ¶¶3, 10, and 11. I find Bradford's Affidavit to be unpersuasive.

"In order to satisfy the standard for summary judgment, 'the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is 'essentially conclusory' and lacking in specific facts is inadequate to satisfy the movant [or non-movant']'s burden.'" Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002), quoting, Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985). Bradford's Affidavit is "essentially conclusory and lacking in specific facts." Bradford does not offer any information as to the contours of the "exit incentive or other employment termination program." No specific facts are offered to identify the "engineering heads" or other "various operational employees." No specific facts are given as to whether those unnamed individuals were also given waivers and releases to sign. No specific facts are given as to the time frame of the terminations and / or the duration of the exit incentive or other employment termination program. Bradford fails to identify where these other employees worked or whether the business unit for which they worked could qualify as a "decisional unit" under the

OWBPA. Bradford also fails to identify a common decision-maker. Further, his belief that because he was given 45 days to consider the waiver and severance agreement, he must have been terminated as part of an employment termination program is pure speculation, rather than actual evidence. So too is his assumption that the reference to "reorganization" in his termination letter denotes group terminations.

Because the only material facts of record establish that Bradford's termination was stand-alone - that is, that he was not terminated along with other employees, Bradford cannot demonstrate that he was entitled to receive the information detailed in the OWBPA. Because the facts of record show that Viacom was not required to provide the OWBPA materials, its failure to do so cannot form the basis of Bradford's claim of equitable tolling. As such, Bradford's claim is untimely and Viacom is entitled to the entry of summary judgment in its favor.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Barrett, William Bradford, George Chambers, James Chisolm, Louis Dannecker, Ronald DeLong, Trenton Doane, Robert Durr, Dana Gabel, Joseph Giacomin, Della Hamill, Ralph Itzo, Charles Kiehl, Leroy Miller, Virginie Ravareau, Leendert Ringlever, Nizam Shaikh, Frank Snyder, John Wagle, III, James West, Melvin Wilkerson, Dorothy Williams, Terry Wood, Ronald Zinski, and Joseph Zolkowski<br>    Plaintiffs,<br><br>vs.<br><br>Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation<br><br>    Defendant. | Civil Action No. 4-608 |

AMBROSE, Chief District Judge

ORDER OF COURT

AND NOW, this 20th day of February, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Summary Judgment (Docket No. [76]) is hereby GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge