IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Barrett, William Bradford, George Chambers, James Chisolm, Louis Dannecker, Ronald DeLong, Trenton Doane, Robert Durr, Dana Gabel, Joseph Giacomin, Della Hamill, Ralph Itzo, Charles Kiehl, Leroy Miller, Virginie Ravareau, Leendert Ringlever, Nizam Shaikh, Frank Snyder, John Wagle, III, James West, Melvin Wilkerson, Dorothy Williams, Terry Wood, Ronald Zinski, and Joseph Zolkowski<br>    Plaintiffs,<br><br>vs.<br><br>Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation<br><br>    Defendant. | Civil Action No. 4-608 |

AMBROSE, Chief District Judge

## OPINION AND ORDER OF COURT

Defendant Viacom, Inc. ("Viacom") has filed a Motion for Summary Judgment with respect to the claims asserted by Plaintiff James West. See Docket No. [82]. As has already been established, West's claim is fatally flawed as untimely unless he is able to successfully invoke the equitable tolling doctrine. As the Third Circuit Court explained in Ruehl v. Viacom, 500 F.3d 375, 384 (3d Cir. 2007):

> the equitable tolling doctrine may excuse the plaintiff's non-compliance with the statutory limitations provision at issue when it appears that (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge; *and* (2) this

1

deception *caused* the plaintiff's non-compliance with the limitations provision.

(emphasis in original)(citations omitted).

Here, West contends that Viacom actively misled him about the reasons for his discharge by not tendering the information required by the Older Workers Benefits Protection Act ("OWBPA"), 29 U.S.C. § 626(f)(1)(H). The statute provides that, where an employee signs a waiver of rights, the:

> (1) ... waiver may not be considered knowing and voluntary unless at a minimum –
> (H) if a waiver is requested in connection with an exit incentive or other employment termination program offered to a group or class of employees, the employer ... informs the individual in writing in a manner calculated to be understood by the average individual eligible to participate, as to –
>> (I) any class, unit, or group of individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and
>> (ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.

29 U.S.C. § 626(f)(1)(H).

Viacom seeks the entry of summary judgment in its favor. After careful consideration, the Motion is granted. West has not proffered any evidence indicating that he did, in fact, sign a waiver of rights. West's claim fails on this basis alone. Additionally, even assuming West had proffered such evidence, his claim would fail because, as Viacom urges, the evidence of record establishes that West's "head count reduction" was not part of an exit incentive or other

employment termination program offered to a group or class of employees.

## Standard of Review

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the

3

burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

Analysis

There are few relevant, material facts before me.[1] Viacom offers the Affidavits of Marv Rockford and Jack MacKenzie. See Docket No. 84-2 and 84-3. Rockford was the Vice President / General Manager of KCNC where West worked as a News Anchor and where MacKenzie worked as a News Director. Rockford and MacKenzie represent that Viacom directed them to reduce KCNC's headcount in the News Department by one individual. See Docket No. 84-2, ¶ 6, 84-3, ¶ 6. West admits that Viacom directed that there be a headcount reduction of one individual. See Docket No. 103, ¶ 4. Rockford and Mackenzie also both state that no other employees in the KCNC News Department were affected by the headcount reduction that precipitated West's separation of employment. Id., ¶ 7, Id., ¶ 8. Again, West admits that "no other employees in the KCNC News Department were affected by the headcount reduction ... ." See Docket No. 103, ¶

---

[1] West spends a large portion of both his Affidavit and his Brief in Opposition disputing Rockford's and MacKenzie's assertions regarding whether or not his retirement was voluntary. I do not find this discussion relevant. The issue before me is whether West's separation from Viacom involved the signing of a waiver, and if so, whether that waiver was requested in connection with an exit incentive or other employment termination program offered to a group or class of employees. West makes no mention in his Affidavit of having signed a waiver nor, as discussed above, does he identify any other employees who were members of this "group" or "class" of employees who were also terminated.

7.

Instead, West relies upon the following statement to oppose summary judgment:

> 3. In December 1996, I met with Marv Rockford, VP/ General Manager. Mr. Rockford told me that there was something he wanted me to do for him. He told me that he wanted me to retire. He said that "corporate has made a pot full of money available for people just like [me]" and that because of my years of service and salary level, I "fit the list." He also stated, "I need you to do this for me."
> ...
> 5. Mr. Rockford's reference to "a pot full of money for 'people just like [me]'" indicates that my termination was not an isolated incident; rather, it was in connection with a larger group of employees who were obviously being separated.

See Docket No. 107, ¶ 3-5. I find West's Affidavit to be unpersuasive.

"In order to satisfy the standard for summary judgment, 'the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is 'essentially conclusory' and lacking in specific facts is inadequate to satisfy the movant [or non-movant']'s burden.'" Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002), quoting, Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985). West's Affidavit is "essentially conclusory and lacking in specific facts." It is conspicuously silent on the issue of having signed a waiver. Further, West does not offer any information as to the contours of the "exit incentive or other employment termination program." Nor are specific facts offered to identify the "larger group of employees who were obviously being separated." No specific facts are given as to whether those unnamed individuals were given waivers and releases to sign. No specific facts are given as to the time frame of

the terminations and / or the duration of the exit incentive or other employment termination program. West also fails to identify where these other employees worked or whether the business unit for which they worked could qualify as a "decisional unit" under the OWBPA. West similarly fails to identify a common decision-maker. Further, his belief that Rockford's reference to a "pot full of money ... for people like" West "indicates that [his] termination was not an isolated incident; rather it was in connection with a larger group of employees who were obviously being separated," is pure speculation, rather than actual evidence.

Because the only material facts of record establish that West's separation from employment was stand-alone - that is, that he was not terminated along with other employees, and because West failed to demonstrate that he ever signed a waiver as that term is defined under the OWBPA, West cannot demonstrate that he was entitled to receive the information detailed in the OWBPA. Because the facts of record show that Viacom was not required to provide the OWBPA materials, its failure to do so cannot form the basis of West's claim of equitable tolling. As such, West's claim is untimely and Viacom is entitled to the entry of summary judgment in its favor.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John Barrett, William Bradford, George Chambers, James Chisolm, Louis Dannecker, Ronald DeLong, Trenton Doane, Robert Durr, Dana Gabel, Joseph Giacomin, Della Hamill, Ralph Itzo, Charles Kiehl, Leroy Miller, Virginie Ravareau, Leendert Ringlever, Nizam Shaikh, Frank Snyder, John Wagle, III, James West, Melvin Wilkerson, Dorothy Williams, Terry Wood, Ronald Zinski, and Joseph Zolkowski<br>    Plaintiffs,<br><br>vs.<br><br>Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4-608 |

AMBROSE, Chief District Judge

ORDER OF COURT

AND NOW, this 27th day of February, 2009, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion for Summary Judgment (Docket No. [82]) is hereby GRANTED.

                        BY THE COURT:

                        /s/Donetta W. Ambrose
                          Donetta W. Ambrose,
                          Chief U.S. District Judge