IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Barrett, William Bradford, George Chambers, James Chisolm, Louis Dannecker, Ronald DeLong, Trenton Doane, Robert Durr, Dana Gabel, Joseph Giacomin, Della Hamill, Ralph Itzo, Charles Kiehl, Leroy Miller, Virginie Ravareau, Leendert Ringlever, Nizam Shaikh, Frank Snyder, John Wagle, III, James West, Melvin Wilkerson, Dorothy Williams, Terry Wood, Ronald Zinski, and Joseph Zolkowski<br>　　　Plaintiffs,<br><br>vs.<br><br>Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation<br><br>　　　Defendant. | Civil Action No. 4-608 |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Defendant filed a Motion for Summary Judgment As To The Claims Of Trenton Doane, Della Hamill and Leroy Miller. See Docket No. [61]. The Motion is premised upon the absence of evidence in the record indicating that the Plaintiffs executed waivers at the time of their separation of employment. The Plaintiffs counter with an Affidavit from Trenton Doane, in which he states that he did, in fact, sign a waiver and with an Affidavit from Counsel submitted pursuant to Federal Rule of Civil Procedure 56(f). Doane's Affidavit would mandate the denial of summary judgment on his claim in any event.

Nevertheless, I base the denial of the Defendant's Motion upon the broader basis of the Rule 56(f) Affidavit. As Counsel for Plaintiffs states, only limited discovery was permitted on the issue of waivers. That discovery consisted of written materials. In light of Viacom's submission of evidence in the form of an Affidavit from its Vice President of Human Resources (an Affidavit which is somewhat equivocal in nature and which is contradicted by Doane's Affidavit), I agree with Plaintiffs that they are entitled to engage in limited relevant deposition discovery.[1] As Counsel urges, deposition testimony may yield information indicating that, regardless of Viacom's "practices," employees covered by the Employee Security and Protection Plan were offered and did sign waiver agreements. Such evidence could defeat the Motion.

Accordingly, this 27th day of February, 2009, the Defendant's Motion for Summary Judgment is DENIED.

BY THE COURT:

/s/<u>Donetta W. Ambrose</u>
Donetta W. Ambrose,
Chief U.S. District Judge

---

[1] We will explore the contours of the discovery at the Conference scheduled for March 6, 2009.