IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| John Barrett, et al., | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| vs. | ) | Civil Action Nos. | 4-608 |
| | ) | | 4-609 |
| Viacom, Inc., successor by merger to | ) | | 4-607 |
| CBS Corporation, formerly known as | ) | | |
| Westinghouse Electric Corporation | ) | | |
| | ) | | |
| Defendant. | ) | | |

AMBROSE, Chief District Judge

**MEMORANDUM ORDER OF COURT**

On August 24-25, 2009, during telephone conferences regarding discovery disputes involving the deposition of Miss. Lisa DeAngelo, a notary, counsel disputed, *inter alia,* the relevance of Miss. DeAngelo's deposition.  Counsel were ordered to file a brief on the issue of the relevance of the deposition of Ms. DeAngelo (*i.e.* does an EEOC complaint asserting only an ADEA claim require verification).  (Docket No. 177).  Counsel complied with said order on August 26, 2009.  (Docket Nos. 179 and 180).  Upon review of the same and for the reasons set forth below, I find that the deposition of Miss. DeAngelo is not relevant to the issue of exhaustion.  I further order that Plaintiffs respond to the other relevance arguments made for the first time by Defendant set forth on pages 13-15 of its Brief.

I.     **Failure to Exhaust under the Statutes and Regulations**

During the arguments made by counsel on the telephone, the purported purpose of the deposition of Miss. DeAngelo was to determine if the EEOC Complaints filed by some of the Plaintiffs in the above captioned matters were properly notarized by Miss. DeAngelo.  In essence, Defendant asserts that if the EEOC Complaints were not properly verified (either sworn to before

a notary public or under penalty of perjury), then Plaintiffs have failed to exhaust their administrative remedies and their Complaints in this court must be dismiss.  (Docket No. 180, p. 2, 4-13).  Thus, Defendant argues that the deposition of Miss. DeAngelo is relevant for purposes of determining if Plaintiffs have failed to exhaust their administrative remedies.  *Id.*

Nowhere in the statues or regulations relating to the ADEA is it required that EEOC charges asserting only ADEA claims be verified.  *See,* 29 U.S.C. §621, *et seq.* and 29 C.F.R. §1626, et seq. Nonetheless, Defendant argues that the requirement of verification set forth in the procedures relating to Title VII and ADA charges should be "understood" to apply to ADEA charges.  (Docket No. 180, pp. 4-13).  I disagree.

To begin with, the procedures for filing ADEA charges with the EEOC and the procedures for filing Title VII and ADA charges with the EEOC are separate and distinct.  *Compare,* 29 C.F.R. Part 1601 *with* 29 C.F.R. Part 1626.

The plain language of the regulations provides that the procedures to be followed in ADEA cases are set forth in 29 C.F.R. Part 1626.  29 C.F.R. §1626.1. The form of an ADEA charge is required to be as follows:

> A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s). Charges received in person or by telephone shall be reduced to writing.

29 C.F.R. § 1626.6.  There is no requirement to verify the ADEA charge as there is in Title VII or ADA charges.  *Compare,* 29 C.F.R. §1626.6 *with* §1601.9.[1]  Moreover, ADEA charges may be made over the telephone, whereas Title VII and ADA charges must be in writing, signed and verified.  *Id.*  Thus, I find that only Title VII and ADA EEOC charges are required to be verified

---

[1]29 C.F.R. § 1601.9 provides that "[a] charge shall be in writing and signed and shall be verified."

according the regulations.   29 C.F.R. §1601, *et seq.*[2]   Consequently, I am not persuaded by

Defendant's argument that procedures governing EEOC charges in Title VII and  ADA cases that

require the charge to be verified should be "understood" to apply to ADEA EEOC charges.  The

procedures set forth for ADEA charges and the procedures set forth for Title VII and ADA charges

are separate and distinct.

Thus, I find Plaintiffs did not have to verify their charges before the EEOC to exhaust their

administrative remedies.  Consequently, Miss. DeAngelo's deposition is not relevant on the basis

of failure to exhaust.

**II.      Equitable Tolling, Veracity and Baselessness of the Substantive Claims**

While I ordered that counsel address the specific issue of whether an EEOC charge

---

[2]Section 1601.1 states the purpose of the regulations in Part 1601 and provides in
pertinent part as follow:

The regulations set forth in this part contain the procedures established by the
Equal Employment Opportunity Commission for carrying out its responsibilities in
the administration and enforcement of Title VII of the Civil Rights Act of 1964
and the Americans with Disabilities Act of 1990.

29 C.F.R. § 1601.1.  The procedures provide that "[a] charge shall be in writing and signed and
shall be verified."  29 C.F.R. § 1601.9.  The terms Title VII, ADA, and verified are defined as
follows:

(a) For the purposes of this part, the term Title VII shall mean title VII of the Civil
Rights Act of 1964; the term ADA shall mean the Americans with Disabilities Act
of 1990; the term Commission shall mean the Equal Employment Opportunity
Commission or any of its designated representatives; Washington Field Office
shall mean the Commission's primary non-Headquarters office serving the
District of Columbia and surrounding Maryland and Virginia suburban counties
and jurisdictions; the term FEP agency shall mean a State or local agency which
the Commission has determined satisfies the criteria stated in section 706(c) of
title VII; and the term verified shall mean sworn to or affirmed before a notary
public, designated representative of the Commission, or other person duly
authorized by law to administer oaths and take acknowledgments, or supported
by an unsworn declaration in writing under penalty of perjury.

29 C.F.R. §1601.3.

asserting an ADEA claim must be verified, Defendant, for the first time, makes additional arguments regarding the relevance of the deposition of Miss. DeAngelo. (Docket No. 180, pp. 13-15). Since Plaintiffs could not have anticipated these arguments, Plaintiffs did not address to the same. As a result, I am ordering that Plaintiffs respond to these arguments set forth on pages 13-15 of Defendant's brief at docket number 180.

THEREFORE, this 1st day of September, 2009, it is ordered that Miss. DeAngelo's deposition is not relevant on the basis of failure to exhaust.

It is further ordered that Plaintiffs are required to file a brief, no longer than five (5) pages, addressing the additional arguments raised by Defendant set forth on pages 13-15 of its Brief (Docket No. 180), on or before September 3, 2009, at noon.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge